UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JINXU CHEN, on behalf of himself and all others similarly situated,

     Plaintiff,

   - against -

L & H WINE & LIQUOR, INC. d/b/a L & H Wine and Liquor; LONGHUA LIN a/k/a Long Hua Lin, and JIANHAO REN a/k/a Jian Hao Ren,

     Defendants.

---

**ORDER**

19 Civ. 6115 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

   In a June 9, 2022 letter, Plaintiff Jinxu Chen moves: (1) to exclude, pursuant to Fed. R. Civ. P. 16(e), certain portions of Defendants' depositions that were not designated in the June 1, 2022 proposed pretrial order; (2) to exclude, pursuant to Fed. R. Civ. P. 37, defense Exhibits C and D; and (3) for monetary sanctions, pursuant to Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and this Court's inherent authority. (June 9, 2022 Pltf. Ltr. (Dkt. No. 63) at 1) For the reasons stated below, Plaintiff's motions are denied.

   As to Defendants' non-designated deposition testimony, this Court has not yet entered the parties' proposed final pretrial order. Accordingly, Fed. R. Civ. P. 16(e) provides no basis for striking the non-designated deposition testimony. Moreover, defense counsel has represented that "Plaintiff's counsel's office never contacted or conferred with [defense counsel] before they submitted [the] 'joint' [proposed] pretrial order on June 1, 2022." (June 12, 2022

Def. Ltr. (Dkt. No. 64) at 1) This Court will not preclude Defendants from introducing deposition testimony based on an apparently one-sided proposed pretrial order.[1]

Defense Exhibits C and D are copies of Defendant Long Hua Lin's passport and certain WeChat messages between Lin and Plaintiff. Defense counsel produced these materials to Plaintiff's counsel on or about June 9, 2022. (Dkt. No. 62-3, 62-4) Plaintiff contends that Defendants should be precluded from introducing these exhibits at trial, because they were not produced during discovery. (June 9, 2022 Pltf. Ltr. (Dkt. No. 63) at 2) Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." Assuming <u>arguendo</u> that Defendants were required under Rule 26 to produce these exhibits during discovery, Plaintiff has not identified any prejudice that Plaintiff suffered as a result of Defendants' tardy production of these exhibits. Accordingly, the Court concludes that the belated production is "harmless" within the meaning of Rule 37(c)(1). See <u>Bey v. City of New York</u>, No. 99 Civ. 3873 (LMM) (RLE), 2010 WL 3910231, at *5 (S.D.N.Y. Sept. 21, 2020) ("A violation of [] Rule [37] is harmless when there is no prejudice to the party entitled to the disclosure." (quotation marks and citation omitted)). Plaintiff's motion to exclude DX C and D will be denied.

---

[1] In addition to arguing that the non-designated deposition testimony should be precluded under Rule 16(e), Plaintiff states that Defendants have not "made a proffer for why this extra-designated deposition testimony is permitted by Rule 32(a)(2) through (8)." (Pltf. June 9, 2022 Ltr. (Dkt. No. 63) at 2) But parties in a bench trial are not required to explain the relevance and admissibility of deposition testimony. Instead, the opposing party is required to cite a basis for excluding the proposed deposition testimony. Because Plaintiff has not presented any such objections, Defendants' proffered deposition excerpts will not be excluded under Fed. R. Civ. P. 32.

Plaintiff seeks monetary sanctions under 28 U.S.C. § 1927 and this Court's inherent authority. Plaintiff's request for sanctions is premised on defense counsel's June 2, 2022 request for an extension to file pretrial materials. (June 9, 2022 Pltf. Ltr. (Dkt. No. 63) at 2-3) Sanctions pursuant to 28 U.S.C. § 1927 or a court's inherent authority are appropriate only where a party or counsel has acted in bad faith. See Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) (28 U.S.C. § 1927); Wilson v. Citigroup, N.A., 702 F.3d 720, 724 (2d Cir. 2012) (inherent authority).

Here, Plaintiff's counsel maintains that defense counsel "falsely represented to the Court that Defendants' late filing was due to a 'misunderst[anding of] the court's instructions.'" According to Plaintiff's counsel, "[d]efense counsel apparently wanted the extra time to scrounge up and produce exhibits he failed to produce in discovery." (June 9, 2022 Pltf. Ltr. (Dkt. No. 63) at 1-2)

While defense counsel may have been dilatory in responding to the Court's May 23, 2022 order and in reviewing the Court's Individual Rules of Practice, nothing in the record indicates that Defendants' late filings were made in bad faith. As to Defendant Lin's passport, defense counsel explains that – in reviewing the deposition transcripts – "he noticed that Plaintiff's request for a copy of Defendant Lin's passport" – which was made during Lin's deposition – was never fulfilled. As to the WeChat messages, defense counsel first learned of their existence on June 7, 2022, while preparing Defendant Lin for his trial testimony. (June 12, 2022 Def. Ltr. (Dkt. No. 64) at 1-2) The Court concludes that defense counsel did not act in bad faith in requesting an extension or by his late disclosure of Exhibit C and the WeChat messages. Accordingly, sanctions pursuant to Section 1927 or this Court's inherent authority are not appropriate.

Plaintiff also seeks monetary sanctions pursuant to Fed. R. Civ. P. 37. (June 9, 2022 Pltf. Ltr. (Dkt. No. 63) at 2) Rule 37 permits courts to sanction a party that fails to make discovery disclosures required by Fed. R. Civ. P. 26. See Fed. R. Civ. P. 37(c)(1). In determining whether to exercise their broad discretion to impose Rule 37 sanctions, district courts consider a number of factors, including: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017) (quoting S. New Eng. Tele. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)).

Plaintiff argues that Rule 37 sanctions are warranted given Defendants' late disclosure of DX C and D. As discussed above, however, this Court concludes that any such Rule 26 violation was not willful. Moreover, disclosure has now been made, with ample time for Plaintiff to prepare for cross-examination of Defendants using these disclosures. Accordingly, sanctions are not necessary to bring Defendants into compliance with their disclosure obligations. And, as previously noted, Plaintiff has not identified any prejudice that resulted from Defendants' late disclosure of Exhibits C and D. Accordingly, Rule 37 sanctions will not be imposed.

## CONCLUSION

Plaintiff's motions to exclude and for sanctions are denied.

The parties are directed to submit a revised proposed pretrial order – which counsel for both sides has reviewed – **no later than 12:00 noon on June 14, 2022**.[2]

---

[2] Plaintiff's June 1, 2022 proposed pretrial order appears to be a re-filing of the parties' earlier proposed pretrial order, as it erroneously states that this case will be tried before a jury. (See

4

       Plaintiff has not re-filed his documentary exhibits as directed in this Court's May 23, 2022 order.  (See May 23, 2022 Order (Dkt. No. 49) at 2 n.1)  Plaintiff will file all documentary exhibits that Plaintiff expects to introduce at trial **no later than 12:00 noon on June 14, 2022**.  Plaintiff will not be permitted to offer at trial any exhibit not re-filed by this deadline.

Dated: New York, New York
       June 13, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

June 1, 2022 Proposed Pretrial Order (Dkt. No. 54) at 3)  Counsel for the parties will jointly review and update <u>all</u> portions of the proposed pretrial order before submitting a revised version.