UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINXU CHEN, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>- against -<br><br>L & H WINE & LIQUOR, INC. d/b/a L & H Wine and Liquor, LONGHUA LIN a/k/a Long Hua Lin, and JIANHAO REN a/k/a Jian Hao Ren,<br><br>                      Defendants. | **ORDER**<br><br>19 Civ. 6115 (PGG) (VF) |

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jinxu Chen prevailed at a bench trial on Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims against his former employer L & H Wine and Liquor, Inc. ("L&H") and its sole owner Longhua Lin (collectively, "Defendants"). (May 2, 2024 Order (Dkt. No. 77)) Plaintiff moves for an award of (1) attorneys' fees and costs; and (2) pre-judgment interest. (Pltf. Mot. (Dkt. No. 78); Troy Decl. (Dkt. No. 81)) This Court referred the motion to Magistrate Judge Valerie Figueredo for a Report and Recommendation ("R&R"). (Dkt. No. 84) On January 3, 2025, Judge Figueredo issued a 27-page R&R recommending that Plaintiff be awarded attorneys' fees in the amount of $51,475.25, costs in the amount of $1,835.23, and pre-judgment interest – calculated from March 10, 2019 until the day judgment is entered – at a rate of 9% per annum on the award of unpaid wages of $20,422.02. (R&R (Dkt. No. 89))

        For the reasons stated below, this Court will adopt Judge Figueredo's R&R in part.

## BACKGROUND

Defendant Lin is the sole owner of L&H, a liquor store where Plaintiff Chen worked as an employee from December 4, 2018, to June 18, 2019. (May 2, 2024 Order (Dkt. No. 77) ¶¶ 1-2, 20)  Chen worked alongside Jianhao Ren, another L&H employee. (See id. ¶¶ 20-22, 35-36)

On June 30, 2019, Chen brought this action against L&H, Lin, and Ren, alleging wage and overtime claims under the FLSA and the NYLL, a spread-of-hours pay claim under the NYLL, and wage notice and wage statement violations under the NYLL.[1] (Cmplt. (Dkt. No. 1) ¶¶ 38-62, 68-76)

Chen's claims proceeded to a bench trial on June 15, 2022.  In a May 2, 2024 order, this Court ruled (1) in Chen's favor as to his claims against L&H and Lin for unpaid wages and overtime compensation under the FLSA and the NYLL, and for wage notice and wage statement violations under the NYLL; (2) in Ren's favor as to all of Plaintiff's claims; and (3) in L&H and Lin's favor as to Chen's minimum wage and spread-of-hours claims. (May 2, 2024 Order (Dkt. No. 77) at 2, 14, 16, 22)[2]  Having found Defendants L&H and Lin liable for violations of the NYLL and the FLSA, this Court further ruled that Chen is entitled to pre-judgment interest and an award of attorneys' fees and costs. (Id. at 21)

On May 9, 2024, Chen moved for (1) an award of attorneys' fees and costs; and (2) pre-judgment interest. (Pltf. Mot. (Dkt. No. 78); Troy Decl. (Dkt. No. 81))  On October 3, 2024, this Court referred Plaintiff's motion to Judge Figueredo for an R&R. (Dkt. No. 84)

---

[1] Before trial, Plaintiff withdrew his claim that Defendants had violated the NYLL's recordkeeping requirements. (See Cmplt. (Dkt. No. 1) ¶¶ 63-67; Pre-Trial Order (Dkt. No. 68) at 3)

[2] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

Judge Figueredo directed Defendants to file any opposition to Plaintiff's motion by November 15, 2024. (See Dkt. Nos. 85, 87) Defendants have not filed an opposition.

On January 3, 2025, Judge Figueredo issued a 27-page R&R recommending that Plaintiff Chen be awarded $51,475.25 in attorneys' fees, $1,835.23 in costs, and pre-judgment interest on unpaid wages of $20,422.02, calculated at the rate of 9% per annum, from March 10, 2019 until entry of judgment. (R&R (Dkt. No. 89))

In her R&R, Judge Figueredo notifies the parties that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure," they "have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections." (Id. at 27) The R&R further states that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id.) (citing, inter alia, Thomas v. Arn, 474 U.S. 140 (1985))

No party has submitted an objection to the R&R.

## DISCUSSION

I.     **LEGAL STANDARDS**

    A.     **Review of a Magistrate Judge's Report and Recommendation**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

3

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of Judge Figueredo's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record").

"Clear error is found only when, upon review of the entire record, the Court is left with 'the definite and firm conviction that a mistake has been committed.'" Grant v. Gonyea, No. 19CV743AJNDCF, 2022 WL 1173341, at *1 (S.D.N.Y. Apr. 20, 2022) (quoting Laster v. Mancini, No. 07-CV-8265 (DAB) (MHD), 2013 WL 5405468, at *2 (S.D.N.Y. Sept. 25, 2013)).

B. **Attorneys' Fee Awards**

Both the FLSA and the NYLL allow prevailing plaintiffs to recover attorneys' fees. 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1). "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." Tackie v. Keff Enterprises LLC, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). "However, 'the evaluation of reasonable attorneys' fees and the cutting of fees . . . lie within the sound discretion of the court.'" Marchuk v. Faruqi & Faruqi LLP, 104 F. Supp. 3d 363, 366 (S.D.N.Y. 2015) (quoting Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 298 (S.D.N.Y. 2001)).

In determining the reasonable hourly rate, courts consider the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Lilly v. City of New York, 934 F.3d 222, 228 (2d Cir. 2019).[3]

"In exercising its discretion [to award attorneys' fees], 'the district court is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application.'" Marchuk, 104 F. Supp. 3d at 367 (second alteration in original) (quoting Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 150 (2d Cir. 2014)). "Rather, it may 'use a percentage deduction as a practical means of trimming fat.'" (Id.) (quoting McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006)).

### C. Costs

A plaintiff who prevails on claims under the FLSA and the NYLL is entitled to recover reasonable costs. 29 U.S.C. § 216(b); NYLL §§ 198, 663(1). "An award of costs 'normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) (alteration in original) (quoting Reichman v. Bonsignore, Brignati & Mazzotta P.C., 818 F.2d 278, 283 (2d Cir. 1987)). "The fee applicant must submit adequate documentation supporting the requested . . . costs." Id.

---

[3] These twelve factors have come to be known as the "Johnson factors." See Lilly, 934 F.3d at 228 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

D.  **Pre-Judgment Interest**

A plaintiff who prevails on a NYLL wage claim is entitled to pre-judgment interest on any "underpayment" of wages. See NYLL § 198(1-a); Schalaudek v. Chateau 20th St. LLC, No. 16-CV-11 (WHP) (JLC), 2017 WL 729544, at *10 (S.D.N.Y. Feb. 24, 2017), modified and adopted by 2017 WL 1968677 (S.D.N.Y. May 11, 2017); Santana v. Latino Express Rests., Inc., 198 F. Supp. 3d 285, 294 (S.D.N.Y. 2016). Pre-judgment interest is not available for violations of the wage statement or wage notice provisions. See Schalaudek, 2017 WL 729544, at *10-11 (recommending award of pre-judgment interest on unpaid wages and overtime, but not on statutory damages for notice violations). Moreover, "the award of prejudgment interest applies only to the amount of underpayment of wages, not the liquidated damages." Salustio v. 106 Columbia Deli Corp., 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017).

Pre-judgment interest in New York runs at a rate of 9% per annum. N.Y. C.P.L.R. §§ 5001(a), 5004. The starting date from which a court computes interest is "'the earliest ascertainable date the cause of action existed.'" Conway v. Icahn & Co. Inc., 16 F.3d 504, 512 (2d Cir. 1994) (quoting N.Y. C.P.L.R. § 5001(b)). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); see also Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 91 (2d Cir. 1998) ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date.'") (citing 155 Henry Owners Corp. v. Lovlyn Realty Co., 647 N.Y.S.2d 30, 32 (2d Dep't 1996)). "[C]ourts in this District have generally calculated prejudgment interest from a singular, midpoint date and by multiplying the principal by the interest rate by the time period – from a singular, midpoint date – up until and including the date judgment is entered." Soto v. Los Corbaticas Deli Grocery II

Corp., No. 18CV3602JGKJLC, 2018 WL 4844018, at *7 (S.D.N.Y. Oct. 5, 2018), report and recommendation adopted, No. 18CV3602 (JGK), 2018 WL 6173713 (S.D.N.Y. Nov. 23, 2018) (internal quotation marks and citations omitted).

## II.  ANALYSIS

Judge Figueredo recommends that Plaintiff Chen be awarded $51,475.25 in attorneys' fees, $1,835.23 in costs, and "pre-judgment interest, starting from March 10, 2019, through the date judgment is entered, on the award of unpaid wages of $20,422.02 at a rate of 9% per annum." (R&R (Dkt. No. 89) at 25-27)

### A.  Attorneys' Fee Award

Plaintiff seeks an award of attorneys' fees for work performed by four Troy Law attorneys – John Troy, Aaron Schweitzer, Tiffany Troy, and Leanghour Lim – and managing clerk Preethi Kilaru. (Troy Decl. (Dkt. No. 79) ¶ 73)

As Judge Figueredo explains, "[i]n arriving at an appropriate fee, 'courts typically start with a determination of the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."'" (R&R (Dkt. No. 89) at 4) (quoting Huo v. Go Sushi Go 9th Ave., No. 13-CV-6573 (KBF), 2014 WL 1413532, at *7 (S.D.N.Y. Apr. 10, 2014))

#### 1.  Hourly Rates

Plaintiff seeks the following hourly rates:  $650 for managing attorney John Troy;[4] $400 for managing associate Schweitzer; $250 for associates Tiffany Troy and Lim; and $200 for managing clerk Kilaru. (Troy Decl. (Dkt. No. 79) ¶ 73)

---

[4] As to 2.17 hours of travel time, John Troy seeks $300.00 per hour. (Troy Decl. (Dkt. No. 79) ¶ 73; id., Ex. 1 (Troy Law Invoice) (Dkt. No. 79-1) at 6)

7

As Judge Figueredo notes, "courts consider 'what a reasonable, paying client would be willing to pay'" "[i]n determining what a 'reasonable fee' is," including examining "'the complexity and difficulty of the case,' 'the resources required to prosecute the case effectively,' 'the timing demands of the case,' and 'whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself.'" (R&R (Dkt. No. 89) at 4-5) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2008)) Judge Figueredo further acknowledges that "[c]ourts have broad discretion in determining a reasonable attorney's fee." (Id. at 5) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) and Arbor Hill, 522 F.3d at 190)

Here, Judge Figueredo recommends "an hourly rate of $400" for John Troy,[5] "an hourly rate of $375" for Schweitzer, "an hourly rate of $75" for Tiffany Troy, "an hourly rate of $150" for Lim, and "an hourly rate of $100" for Kilaru. (R&R (Dkt. No. 89) at 8-13) Judge Figueredo arrives at these rates after analyzing billing rate determinations in this District (1) in general; and (2) specifically as to John Troy, Schweitzer, Tiffany Troy, and Lim. (See id. at 6-13) Judge Figueredo concludes that "the rates requested by Troy and other attorneys at his firm significantly exceed those rates normally commanded in wage-and-hour cases and are not merited by the lawyers at the firm because of the consistently poor quality of their work." (Id. at

---

[5] As to John Troy's travel time of 2.17 hours, Judge Figueredo recommends "an hourly rate of $200[,]" finding that "[c]ourts in this District allow recovery for attorney travel time at a rate of half the approved hourly rate of the attorney." (R&R (Dkt. No. 89) at 9) (citing Ge Chun Wen v. Hair Party 24 Hours Inc., No. 15-CV-10186 (ER) (DF), 2021 WL 3375615, at *23 (S.D.N.Y. May 17, 2021), report and recommendation adopted sub nom. Wen v. Hair Party 24 Hours Inc., No. 15CIV10186ERDCF, 2021 WL 2767152 (S.D.N.Y. July 2, 2021) and Vincente v. Ljubica Contractors LLC, No. 18-CV-419 (VSB) (OTW), 2019 WL 2137001, at *5 (S.D.N.Y. May 16, 2019))

8

7) Judge Figueredo's analysis also takes into account the straightforward nature of Plaintiff's claims, the role each Troy Law employee played in the case, and the nature of the work they performed. (Id. at 8-13)

Given Judge Figueredo's detailed assessment of each Troy Law employee's experience, the nature and quality of the work they performed, and other courts' awards of attorneys' fees, this Court finds no clear error in Judge Figueredo's approach or the billing rates that she recommends. Accordingly, this Court will adopt the R&R's recommendation as to the reasonable hourly rates applicable here.

### 2. Number of Hours

Troy Law requests compensation for 201.1 hours of work performed between June 18, 2019 and May 7, 2024. (Troy Decl. (Dkt. No. 79) ¶ 73; see also R&R (Dkt. No. 89) at 15)

As Judge Figueredo notes, "[i]t is well-established that 'any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" (R&R (Dkt. No. 89) at 14) (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)) "When reviewing such records, courts must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended[,]'" (id.) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) (per curiam)), and "[t]he critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" (Id.) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)) "If a court finds that claimed hours are 'excessive, redundant, or otherwise unnecessary,' it should exclude those hours from its calculation of the presumptively reasonable

fee." (Id.) (quoting Hensley, 461 U.S. at 434) "A court may also reduce hours 'where the attorney's proffered time records are vague or otherwise inadequate to enable the court to determine the reasonableness of the work performed or the time expended.'" (Id.) (quoting Ge Chun Wen v. Hair Party 24 Hours Inc., No. 15-CV-10186 (ER) (DF), 2021 WL 3375615, at *14 (S.D.N.Y. May 17, 2021), report and recommendation adopted sub nom. Wen v. Hair Party 24 Hours Inc., No. 15CIV10186ERDCF, 2021 WL 2767152 (S.D.N.Y. July 2, 2021))

Here, Judge Figueredo finds that "a reduction of 20% to the requested hours is warranted" because Troy Law's "billing records reveal a number of instances where" (1) "senior attorneys . . . performed work that should have been delegated to a junior associate or paralegal[,]" (2) "an excessive amount of time [was] billed . . . to perform relatively simple tasks[,]" and (3) "repetitive and/or vague billing entries . . . . prevent[] the Court from adequately assessing the reasonableness of the time expenditure." (R&R (Dkt. No. 89) at 15, 18-20) Judge Figueredo cites extensively to Troy Law's billing records, providing examples of work that should have been delegated to more junior lawyers, excessive billing, and vague time entries. (Id. at 15-21) Judge Figueredo also notes that a number of other courts in this Circuit have found similar problems in Troy Law's billing records, and imposed across-the-board reductions in response. (Id. at 21) (citing Zang v. Daxi Sichuan, Inc., No. 18-CV-6910 (DG) (SJB), 2023 WL 2305934, at *8 (E.D.N.Y. Mar. 1, 2023) (reducing Troy Law's hours by 30%); Chen v. Marvel Food Servs. LLC, No. 15-CV-06206 (JMA) (AYS), 2022 WL 4226098, at *5 (E.D.N.Y. Sept. 9, 2022) (reducing Troy Law's hours by 30%); Yuan v. & Hair Lounge Inc., No. 18-CV-11905 (AT) (BCM), 2023 WL 4534872, at *9 (S.D.N.Y. June 28, 2023) (recommending a 25% across-the-board reduction in hours billed by Troy Law); Cui v. D Prime Inc., No. 20-CV-3667 (OEM) (MMH), 2024 WL 3567008, at *10 (E.D.N.Y. July 29, 2024) (recommending a 30% reduction to Troy Law's requested hours); Hong v. Mito Asian Fusion, Inc., No. 19-CV-3149 (TAM), 2023

WL 3092722, at *8 (E.D.N.Y. Apr. 26, 2023) (reducing Troy Law's compensable hours by 35%))

Given Judge Figueredo's detailed assessment of Troy Law's billing records, this Court finds no clear error in her recommendation that a reduction of 20% to the requested hours is warranted. See Williams v. Epic Sec. Corp., 368 F. Supp. 3d 651, 656-57 (S.D.N.Y. 2019) ("Courts in this Circuit have recognized a district court's authority to make across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended."). Accordingly, this Court will adopt the R&R's recommendation as to the reasonable number of hours expended by Troy Law.

Judge Figueredo recommends awarding Plaintiff $51,475.25 in attorneys' fees, which is the sum of the number of hours reasonably expended multiplied by the reasonable hourly rate for each Troy Law employee. (R&R (Dkt. No. 89) at 21)  This Court finds no clear error in Judge Figueredo's calculation of an appropriate attorneys' fee award, and will adopt her recommendation.

**B.  Costs**

Plaintiff seeks an award of $2,131.90 in costs. (Troy Decl. (Dkt. No. 79) ¶ 74)

As Judge Figueredo explains,

> [u]nder both the FLSA and the NYLL, a prevailing plaintiff may recover their reasonable costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). "An award of costs 'normally include[s] those reasonable out-of-pocket expenses incurred by the attorney,'" but "[t]he fee applicant must submit adequate documentation supporting the requested . . . costs." Fisher v. SD Prot., Inc., 948 F.3d 593, 600 (2d Cir. 2020) (quoting Reichman v. Bonsignore, Brignati & Mazzotta P.C., 818 F.2d 278, 283 (2d Cir. 1987)). "Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts." Guo [v. Tommy's Sushi, Inc., No. 14 CIV 3964 (PAE)], 2016 WL 452319, at *3 [(S.D.N.Y. Feb. 5, 2016)] (citation omitted).

(R&R (Dkt. No. 89) at 22)

11

Here, Judge Figueredo recommends that only $1,835.23 in costs be awarded, finding that several reimbursement requests lack supporting documentation. (Id. at 23-24) "For example, Plaintiff submitted no receipt or invoice for the costs of $8.31 for a waiver of summons and complaint, $174.80 for the videotaped deposition of Lin, and $96.60 for the videotaped deposition of Ren." (Id. at 23) Judge Figueredo approves as properly documented "$400 for the filing fee"; "$10 in fees incurred in running a DMV search"; "$1,115 for the cost of a translator used during two depositions and at trial"; "$247.23 for the cost of the trial transcript"; and "$16.96 in travel costs incurred by John Troy in traveling to and from the courthouse to Queens, where his firm is located." (Id. at 22-24)

The sum of the costs approved by Judge Figueredo amount to $1,789.19, however, and not the $1,835.23 referenced in the R&R. Accordingly, this Court will award $1,789.19 in costs to Plaintiff.

### C. Pre-Judgment Interest

Plaintiff seeks to recover pre-judgment interest from "March 12, 2019, the median date between December 4, 2018 and June 18, 2019" to "the date of the final judgment" at a rate of 9% per annum on the unpaid wages award of $20,422.02. (Troy Decl. (Dkt. No. 81) ¶¶ 5-11)

Judge Figueredo finds that "a plaintiff who prevails on a NYLL wage claim is entitled to pre-judgment interest on any 'underpayment' of wages." (R&R (Dkt. No. 89) at 24) (citing, inter alia, NYLL § 198(1-a)) She further explains that "the court 'has discretion to choose a reasonable date from which pre-judgment interest should accrue'" in its calculation of pre-judgment interest. (Id. at 25) (quoting Villanueva v. 179 Third Avenue Restaurant Inc., 500 F. Supp. 3d 219, 243 (S.D.N.Y. 2020)) Judge Figueredo also correctly states that "[t]he applicable rate for pre-judgment interest in New York is nine percent per annum." (Id.) (citing, inter alia, N.Y. C.P.L.R. § 5004(a))

Noting that Plaintiff prevailed on his unpaid overtime FLSA and NYLL wage claims against L&H and Lin, and obtained an award of $20,422.02 (id. at 2) (citing May 2, 2024 Order (Dkt. No. 77) at 14-15, 22), Judge Figueredo selects March 10, 2019 – a date at the midpoint of Plaintiff's employment at L&H – as the date from which pre-judgment interest should accrue. (Id. at 25-26) She goes on to explain that "'[s]imple pre-judgment interest is calculated by multiplying the principal by the interest rate by the time period – from a singular midpoint date – up until and including the date judgment is entered.'" (Id. at 25) (quoting Maldonaldo v. La Nueva Rampa, Inc., No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *11 (S.D.N.Y. 2012)) Judge Figueredo concludes that Plaintiff should be awarded "pre-judgment interest, starting from March 10, 2019, through the date judgment is entered, on the award of unpaid wages of $20,422.02 at a rate of 9% per annum." (Id. at 25-26)

It is well established that a court may select a date at the midpoint of a plaintiff's employment in calculating pre-judgment interest when the damages at issue "were incurred at various times," as is the case here. N.Y. C.P.L.R. 5001(b); see also Pastor v. Alice Cleaners, Inc., No. 16-CV-7264 (JLC), 2017 WL 5625556, at *6 (S.D.N.Y. Nov. 21, 2017) ("'Simple prejudgment interest is calculated from a singular, midpoint date and by multiplying the principal by the interest rate by the time period – from a singular midpoint date – up until the date judgment is entered.'") (quoting Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14CV10234JGKJLC, 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016), report and recommendation adopted sub nom. Xochimitl v. Pita Grill of Hell's Kitchen, Inc, No. 14 CIV. 10234 (JGK), 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016)).

The midpoint between December 4, 2018 – the first day of Plaintiff's L&H employment – and June 18, 2019 – the last day of his L&H employment (May 2, 2024 Order

(Dkt. No. 77) ¶ 20), is March 12, 2019, however. Accordingly, this Court will award Plaintiff pre-judgment interest, starting from March 12, 2019, through the date judgment is entered, on the unpaid wages award of $20,422.02, at a rate of 9% per annum.

### D.    Joint and Several Liability

In her R&R, Judge Figueredo does not make a finding as to whether Defendant Lin should be held jointly and severally liable with L&H for Plaintiff's damages. This Court addresses joint and several liability below.

"Defendants who qualify as employers under the FLSA or NYLL are jointly and severally liable for damages awarded under those statutes." Schalaudek, 2017 WL 1968677, at *1. As discussed in the May 2, 2024 Order,

> "[e]mployer" and "employee" are defined broadly under the FLSA. 29 U.S.C. § 203(d) defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee," while an "employee" is defined as any individual employed by an employer. 29 U.S.C. § 203(d), (e)(1).
>
> "[T]he [Supreme] Court has instructed that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). "[T]he Second Circuit has made clear 'that the various factors [it has] relied upon . . . [i] to examine the degree of formal control exercised over a worker, [ii] to distinguish between independent contractors and employees; and [iii] to assess whether an entity that lacked formal control nevertheless exercised functional control over a worker, state no rigid rule for the identification of an FLSA employer.'" Flores v. 201 W. 103 Corp., 256 F. Supp. 3d 433, 439 (S.D.N.Y. 2017) (citations omitted). "Rather, 'economic realities are assessed by reference to "the particular situation[,]" with some factors more important than others depending on the FLSA question at issue and the context in which it arises.'" Id. (quoting Brown v. New York City Dep't of Educ., 755 F.3d 154, 167 (2d Cir. 2014)).
>
> The Second Circuit has articulated an "economic reality" test to determine whether "the alleged employer possessed the power to control the workers in question." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999). "[T]he relevant factors include 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. (quoting Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984)).

> Defendant Lin's status as an "employer" within the meaning of the FLSA is undisputed. Defendant Lin has stipulated that he "had the power to hire and fire employees of L & H Wine and Liquor Inc[.] during the period relevant to this lawsuit," and that he "determined employees' work schedules and salaries, and was responsible for keeping employee records during the period relevant to this lawsuit." (Pre-Trial Order (Dkt. No. 68) at 4)

(May 2, 2024 Order (Dkt. No. 77) at 10-11)

For these same reasons, this Court concludes that Lin was Plaintiff's employer for purposes of the NYLL. See Guan v. Lash Princess 56 Inc., No. 22 CIV. 2552 (KPF), 2023 WL 2242050, at *11 n.7 (S.D.N.Y. Feb. 27, 2023) ("Courts within this Circuit have . . . found that an individual is an employer for purposes of the NYLL where they would be considered an employer under the FLSA.") (citing Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 308 n.21 (S.D.N.Y. 2011) and Yang v. ACBL Corp., 427 F. Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005)).

Lin is thus jointly and severally liable with L&H for the attorneys' fee and costs award, and the award of pre-judgment interest. See Zapoteco v. Saroop & Sons Inc., No. 21 CIV. 123 (PGG), 2023 WL 4558541, at *4 (S.D.N.Y. July 17, 2023) (individual employer and corporate employers were jointly and severally liable for attorneys' fees, costs, and pre-judgment interest awarded to plaintiff in FLSA and NYLL action).

## CONCLUSION

For the reasons stated above, Judge Figueredo's R&R is adopted in part. Plaintiff's motion for an award of attorneys' fees, costs, and pre-judgment interest (Dkt. No. 78) is granted as follows: Plaintiff is awarded $51,475.25 in attorneys' fees, $1,789.19 in costs, and pre-judgment interest, calculated from March 12, 2019 until the entry of judgment, at a rate of

15

9% per annum on the unpaid wages award of $20,422.02.  The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
      March 7, 2025

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge